Anthony Craig CASH; Daniel E. Schwind, Plaintiffs,

and

Lawless & Lawless, Appellant,

v.

CHEVRON CORPORATION; Chevron Products Company; Chevron USA, Inc., Valdek J. Parik; Terry Boyle, Defendants—Appellees.

No. 02–16438.

D.C. No. CV 99–03068–MJJ/MEJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 30, 2003.

Andrea G. Asaro, Esq., Rosen, Bien & Asaro, Barbara A. Lawless, Esq., Aelish M. Joyce, Esq., Aelish M. Baig, Lawless & Lawless, San Francisco, CA, for Appellant.

Clement L. Glynn, Esq., Quin E. Marshall, Glynn & Finley, Walnut Creek, CA, for Defendants–Appellees.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

MEMORANDUM **

The law firm of Lawless & Lawless ("Lawless") appeals the district court's *sua sponte* dismissal of its motion for statutory attorneys fees. Lawless represented Anthony Cash ("Cash") in an anti-discrimination suit against Chevron Corporation ("Chevron"). After a jury trial and verdict in Cash's favor on his claims arising under the California Fair Employment and Housing Act ("FEHA"), the district court entered judgment against Chevron and

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

awarded Cash costs and damages. Acting as Cash's attorney of record, Lawless moved for statutory attorneys fees as permitted under FEHA. Six days later, Cash terminated Lawless as his counsel. After a hearing on the motion, the district court, *sua sponte,* struck the fee motion on the ground that Lawless lacked Cash's express or implied consent to seek statutory fees. Lawless appeals that decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). We reverse and remand.

The district court, applying *In re Marriage of Borson,* 37 Cal.App.3d 632, 112 Cal.Rptr. 432 (1974), concluded that Cash had not impliedly consented to Lawless' filing of the motion for attorneys fees. But, in *Borson,* the California court found that a former client could impliedly consent to her former attorneys seeking statutory fees where: (a) the client asked for fees and costs in her personally verified petition, (b) the client was unable to pay the fees, and (c) the fee motion served the client's interest by relieving her of the obligation to pay fees. *Id.* at 638, 112 Cal.Rptr. 432. Contrary to the district court, we conclude that these factors weigh in favor of finding that Cash impliedly consented to the filing of the fee motion.

Like the former client in *Borson,* Cash sought fees and costs before the district court. In his opposition to Chevron's opposition to the fee motion, Cash urged the district court to award the full fees and costs as requested in Lawless' motion. He also advised the court to "accept both [his and Lawless'] motions to save the time of resubmitting an entire additional brief copying [Lawless'] figures already in the Court[']s possession." According to Cash, he sought fees in the district court, but the "[c]ourt struck all of [his] motions that explicitly demanded fees [and] costs."

Thus, like the client in *Borson,* Cash "personally invo[ked] the court's jurisdiction to grant this relief." *See id.*

While the record does not mention whether Cash is able to pay the award on his own, it is clearly in his interest that the fee motion was filed. Under the Federal Rules of Civil Procedure, Cash had fourteen days from entry of judgment to file a motion for attorneys fees. Fed.R.Civ.P. 54(d)(2)(b). Judgment was entered on November 20, 2001. Thus, Cash had until December 5, 2001 to move for fees. The only timely motion for attorneys fees made to the district court was that filed by Lawless. Consequently, Cash can no longer seek statutory attorneys fees. Nevertheless, Cash will still be liable to Lawless for the attorneys fees and costs as provided for in the Fee Agreement. Under that agreement, Lawless has a lien on any recovery by Cash and is entitled to forty percent of his recovery, calculated without any offset for costs. Surely, the motion for attorneys fees serves Cash's interests by ensuring that his damages award is not entirely depleted by paying the attorneys fees due Lawless for services already rendered. *See Borson,* 37 Cal.App.3d at 638, 112 Cal.Rptr. 432.

Because we find that Cash impliedly consented to Lawless filing the fee motion, we reverse the district court's dismissal of that motion. Accordingly, we remand to the district court to consider the fee motion on its merits.

REVERSED and REMANDED.